## Louis Bureau v. John Marshall.

*Trespass—Amendment of plea to aver title.*

1. Plea of title in trespass qu. cl. before a justice must be entered when issue is joined, and cannot be introduced on appeal by an amendment changing the issue.

2. The projection of eaves over the boundary of a lot does not constitute a trespass qu. cl. upon the adjoining lot ; but the refusal so to charge is not material error if only nominal damages are awarded therefor while a verdict is rendered at the same time for a substantial encroachment.

Error to Wayne. (Jennison, J.) Oct. 10.—Nov. 19.

Trespass qu. cl. Defendant brings error. Affirmed.

*Stewart & Galloway* for appellant. Ejectment will not lie for overhanging eaves : *Aikin v. Benedict* 39 Barb. 400 ; the right to overhang adjacent property becomes an easement after twenty years : Goddard's Easements 251.

*Albert J. Chapman* for appellee.

Champlin, J. This is an action of trespass brought by plaintiff against the defendant before a justice of the peace. The trial resulted in a judgment for the plaintiff from which defendant appealed to the circuit court, where the cause was tried before a jury and resulted in a verdict for plaintiff for nominal damages. The defendant brings the case here upon writ of error.

Exception is taken to the ruling of the circuit judge in refusing permission to defendant to amend his plea, which

was the general issue interposed in justice's court by setting up title to the locus in quo in himself. The ruling was correct.

If the defendant wished to interpose the plea of title he should have done so when issue was joined before the justice. Neglecting to do so the issue in the circuit must be the same as that tried before the justice. The gist of the action was therefore the injury to the plaintiff's possession.

The plaintiff and defendant were in possession of adjoining lots. The plaintiff called as a witness a surveyor who testified to making a survey and marking the boundary line between the lot of plaintiff and defendant, and plaintiff testifies he built his fence a part of the way on this line. The defendant produced as a witness another surveyor who testified to making a survey and marking the division line between the lots in question. This survey brought the division line some fourteen inches further north than that made by the other surveyor, and upon the land claimed by plaintiff. Both surveyors claimed that they measured from the original survey of the plat and testified fully as to the manner in which their surveys were made. It appears from the testimony that the defendant's house is built so near his north line that the drip from the eaves falls upon plaintiff's land six inches from the line of defendant's survey, and by plaintiff's survey twenty-four inches. The defendant's wife in his presence tore down the fence built by plaintiff, and defendant then proceeded to built a fence upon the line located by his surveyor, and thereupon plaintiff brought this action.

The questions involved were those of fact and depended upon the correctness of the respective surveys. The judge submitted the questions of fact to the jury and instructed them that if they found the plaintiff's survey the correct one then their verdict should be for the plaintiff; but if they found the defendant's survey to be correct they should find for the defendant.

Two questions were submitted to the jury: *First*, "Do the eaves of defendant's house drip on plaintiff's lot; and if so, how much?" They answered, "Yes; twenty-four inches."

*Second,* "How many inches do defendant's house and fence encroach upon plaintiff's lot?" They replied, "Fourteen inches."

The defendant's counsel requested the court to charge the jury that eaves projecting beyond the line cannot, under the circumstances of this case, constitute a trespass, which the court refused.   This was error; but this error does not call for a reversal of the judgment on this ground, for the reason that it was an error which did not result in injury to defendant.   The verdict was for six cents nominal damages; and if on the other facts in the case the verdict can be supported, it should not be disturbed.   These facts the jury have found in plaintiff's favor by their answer to the second question. The other errors assigned are not well taken and are overruled.

The judgment.is affirmed.

The other Justices concurred.